BENA LANZA TOZEL AND CHRISTENA CARLEEN TOZEL

VERSUS

JODY ANN SPENCER JORDAN TOZEL

NO. 21-CA-134

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 808-762, DIVISION "H"
HONORABLE GLENN B. ANSARDI, JUDGE PRESIDING

November 03, 2021

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and John J. Molaison, Jr.

**JUDGMENT AFFIRMED IN PART; VACATED IN PART; REMANDED**
    **FHW**
    **SMC**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
JODY ANN SPENCER JORDAN TOZEL
    Joseph R. McMahon, III

COUNSEL FOR PLAINTIFF/APPELLEE,
BENA LANZA TOZEL AND CHRISTENA CARLEEN TOZEL
    Michael G. Calogero

**WICKER, J.**

Defendant, Jody Tozel, seeks review of the trial court's judgment granting the "Rule for Contempt, for Preliminary and Permanent Injunction, and Motion for Summary Judgment" filed by plaintiffs, Bena Tozel, age 93, and Christena Tozel, Bena's granddaughter. Defendant-appellant herein, Jody, is Christena's stepmother and the wife of Bena's deceased son Calvin. This appeal primarily involves the parties' rights to a piece of property. Because we find that the trial court improperly ruled on an issue not before the court, we vacate the judgment insofar as it terminates Jody's testamentary usufruct over the property pursuant to La. C.C. art. 623. In all other respects, we affirm the trial court judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This litigation arises out a dispute surrounding a piece of property (hereinafter referred to as "the Severn Place property"), originally purchased on October 6, 1967 by Bena and her husband, Vincent Tozel. Bena and Vincent were married and had one son, Calvin Tozel. In January 1994, Vincent died intestate. As reflected in the Judgment of Possession rendered in connection with Vincent's succession, Bena maintained her one-half ownership interest in the property and Calvin inherited Vincent's undivided interest in the property at issue, subject to Bena's surviving spouse legal usufruct under La. C.C. art. 890. Bena continued to reside in the Severn Place residence after her husband's death. Years later, on April 13, 2013, Bena executed an Act of Donation inter vivos wherein she transferred "all of her undivided interest" in the property to her only son, Calvin, thereby granting Calvin full ownership of the property. Calvin's spouse at that time, defendant herein Jody, acknowledged the Severn Place property as Calvin's separate property.

On May 3, 2016, three years later, Calvin died testate, predeceasing his mother. In his Last Will and Testament, Calvin bequeathed to his spouse, Jody, his interest in their marital home in Slidell, Louisiana. He further bequeathed to his only daughter, Christena, his interest in his separate property, the Severn Place property, subject to his spouse, Jody's, "full usufruct, including all rights affected by law [of the property],…until her death, marriage, or cohabitation." The parties contend that, at some point after Calvin's death, Jody moved into the Severn Place residence with Bena, exercising her testamentary usufruct bequeathed to her upon Calvin's death.[1]

On July 29, 2020, Bena and Christena filed an "*Ex Parte* emergency motion for Temporary Restraining Order, Verified Petition for Preliminary and Permanent Injunction and for Damages." The petition alleged that Bena resided at the Severn Place property from 1967 until the date of the filing of the petition. The petition further alleged that at that time Jody and Bena resided together at the Severn Place property, but that Jody evicted Bena while Bena was on vacation visiting her granddaughter, Christena, in North Carolina. The petition alleged that Jody discarded Bena's personal property from the Severn Place property without Bena's permission and further claimed that Jody disregarded Christena's requests not to renovate the property and alleged that Jody renovated the property without consent.

In their petition, Christena and Bena sought injunctive relief to prevent Jody from, "in effect, unlawfully evicting Bena, or kicking her out of the Seven Avenue residence." They further sought an order prohibiting Jody from continuing to discard Bena's personal property or unilaterally preventing Bena from exercising

---

[1] On appeal, Christena and Bena make the argument that Jody and Bena residing together at the Severn Place property constitutes "cohabitation" sufficient to serve as grounds to terminate Jody's testamentary usufruct per the terms set forth in Calvin's Last Will and Testament. The record does not reflect any motion for partial summary judgment on that issue or any factual finding by the trial court on that issue and we, thus, decline to opine on that argument.

her right to legal usufruct pursuant to La. C.C. Article 890. The petition alleged that although Bena donated her one-half ownership interest to her son Calvin in 2013 upon his request, the other one-half interest Calvin acquired through Vincent's death remains subject to the surviving spouse usufruct Bena acquired by operation of law pursuant to La. C.C. art. 890.

On July 29, 2020, the trial court issued a temporary restraining order prohibiting Jody from "evicting Bena Lanza Tozel" from the Severn Place property, "whether by restricting co-petitioner, Bena Lanza Tozel, from returning to the residence to claim her personal property or allowing access to the residence in the presence of law enforcement officers, pending further orders of the Court." The TRO further prohibited Jody "from making or commencing with any renovations, modifications, alterations to the structure" of the Severn Place property and further "from contracting for any modification or renovations" to the Severn Place property.

On August 22, 2020, Bena and Christena filed a supplemental and amended "motion for temporary restraining order, motion for contempt, for preliminary and permanent injunctions, and supplemental and amended petition for damages, before Answer is filed." In the supplemental petition, Bena and Christena alleged that Jody violated the TRO in place, contending that Jody prohibited Bena from returning to the residence by changing the locks to the doors. They further alleged that Jody renovated the property without Christena's permission and disposed of Bena's personal property in violation of the TRO. Plaintiffs sought a contempt finding as well as attorney fees, costs, and other equitable relief.

The supplemental petition asserted additional causes of action against Jody, first seeking a declaration that Bena's 2013 Act of Donation to Calvin was an absolute nullity and, second, seeking termination of Jody's testamentary usufruct pursuant to La. C.C. art. 623.

The parties filed cross motions for summary judgment. On August 28, 2020, Jody filed a motion for summary judgment, contending that because Bena did not specifically reserve her surviving spouse usufruct in the 2013 Act of Donation, her usufruct terminated when she donated "all of her undivided interest" in the Severn Place property to her son, Calvin. On September 23, 2020, Bena and Christena filed "Motions for Summary Judgment, for Equitable Relief, and for Preliminary and Permanent Injunctions[,]" contending that Bena's surviving spouse usufruct remains in effect for her lifetime pursuant to La. C.C. art. 890 and can only be terminated upon death or remarriage. They argued that the clear language of the 2013 Act of Donation did not transfer Bena's surviving spouse usufruct that stems from Vincent's one-half ownership interest, but rather only transferred Bena's undivided one-half interest in the Severn Place property. Alternatively, Bena and Christena argued that the language in the 2013 Act of Donation is ambiguous and should be interpreted or reformed based on the intent of the parties. They argued that the actions of the parties after the Act of Donation reflect the parties' true intent—for Bena to maintain her surviving spouse usufruct and continue to exercise her usufructuary rights by residing in the home she lived in for more than sixty years.

Bena and Christena also filed a "Rule for Defendant, Jody Ann Spencer Jordan Tozel's Contempt of Court for Violations of Temporary Restraining Order[,]" contending that Jody should be held in constructive contempt for preventing Bena from returning to the residence by changing the locks, removing Bena's personal property from the home, and renovating the home in violation of the TRO in place.

On September 30, 2020, the trial court conducted a hearing. At the hearing and in open court, the parties made the following stipulation:

The defendant, Jody Tozel-- for brevity and not her full name -- renovated subject property located at 1713 Severn Avenue, Metairie, Louisiana before and after July 31st 2020 through September 13, 2020 through after September 13, 2020 and that defendant, Ms. Jody Tozel, discarded movable property from the subject property located at 1713 Severn Avenue, Metairie, Louisiana before and after July 31st 2020.

On November 17, 2020, after taking the matter under advisement, the trial court issued a judgment granting Bena and Christena's motion for summary judgment, finding that Bena's 2013 Act of Donation to Calvin transferred only Bena's one-half ownership interest in the property and did not include the surviving spouse usufruct she acquired from her husband's succession stemming from his undivided interest in the property. The trial judge further found Jody to be in contempt of court for "discard[ing] moveable property from the subject property" while the TRO was in place.[2] The judgment granted Bena and Christena's request for injunctive relief, prohibiting Jody from "denying plaintiff Bena Tozel's legal usufruct and exclusive use of the premises at issue." The judgment further ordered that Christena is permitted to terminate Jody's usufruct "since defendant [Jody] abused the usufruct she had over the house through Calvin's will," but failed to award any monetary damages for such violation.[3]

## DISCUSSION

Jody has appealed the trial court judgment. First, Jody contends that the trial court erred in its interpretation of the 2013 Act of Donation executed by Bena, asserting that the plain language of the donation reflects that Bena donated to Calvin the entirety of her interest in the Severn Place property, including her surviving spouse usufruct. Second, Jody complains that the trial court erred in permitting Christena as the naked owner to terminate Jody's testamentary usufruct

---

[2] The trial court ordered Jody to pay court costs associated with the rule for contempt.
[3] On November 30, 2020, the trial judge issued an amended judgment, designating the judgment as a partial, final judgment under La. C.C.P. art. 1915(B)(1).

under La. C.C. art. 623.  In this appeal, Jody does not seek review of the trial court's contempt judgment.  We address each in turn.

*The 2013 Act of Donation*

At issue in the cross motions for summary judgment is interpretation of the 2013 Act of Donation executed by Bena in favor of her son, Calvin.  Bena and Christena contend that the Act of Donation transferred only Bena's undivided interest in her one-half of the property to Calvin—who already had ownership, through Vincent's succession, of the other one-half interest in the property, subject to Bena's surviving spouse usufruct that arises by operation of law under La. C.C. art. 890.  Jody, on the other hand, contends that the language of the 2013 Act of Donation, wherein Bena transferred "all of her undivided interest", is clear and includes the donation or transfer of all of Bena's interest in the property, including her surviving spouse usufruct.

Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.  *Vill. Shopping Ctr. P'ship v. Kimble Dev., LLC*, 18-740 (La. App. 5 Cir. 4/24/19), 271 So. 3d 376, 381; *Lincoln v. Acadian Plumbing & Drain, LLC*, 17-684 (La. App. 5 Cir. 5/16/18), 247 So.3d 205, 209, *writ denied*, 18-1074 (La. 10/15/18), 253 So.3d 1302.  A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact, and is favored and designed to secure the just, speedy, and inexpensive determination of every action.  *Id*; see also *Populis v. State Dep't of Transportation & Dev.*, 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 979, *writ denied*, 17-1106 (La. 10/16/17), 228 So.3d 753, *quoting Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605.  A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents

show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for a trial on that issue. *Id.*

The interpretation of a contract's provisions is typically a matter of law that properly may be decided on motion for summary judgment. *Vill. Shopping Ctr. P'ship,* 271 So. 3d at 381. The responsibility of the judiciary in interpreting contracts is to determine the parties' common intent. *Vill. Shopping Ctr., supra;* La. C.C. art. 2045. Courts begin their analysis of the parties' common intent by examining the words of the contract itself. La. C.C. art. 2046. When the words of the contract are clear, unambiguous, and lead to no absurd consequence, no further interpretation may be made in search of the parties' intent.

Conversely, when the written terms of a contract are susceptible to more than one interpretation, there is uncertainty as to its provisions, or the parties' intent cannot be ascertained from the language used, parole evidence is admissible to clarify the ambiguity or show the intention of the parties. *First Bank & Tr. v. Redman Gaming of Louisiana, Inc.*, 13-369 (La. App. 5 Cir. 12/12/13), 131 So.3d 224, 228. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. La. C.C. art. 2053.

A donation inter vivos is a contract by which a person, called the donor, gratuitously divests himself, at present and irrevocably, of the thing given in favor of another, called the donee, who accepts it. La. C.C. art. 1468. Pursuant to this article, in order for the donation to be valid, there must be a divestment, accompanied by donative intent. *In re Succession of O'Krepki*, 16-50 (La. App. 5 Cir. 5/26/16), 193 So.3d 574, 579, *writ denied sub nom. Succession of O'Krepki*,

16-1202 (La. 10/10/16), 207 So.3d 406. Although summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, "summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent." *B & P Rest. Grp., LLC v. Delta Admin. Servs., LLC*, 18-442 (La. App. 5 Cir. 9/4/19), 279 So.3d 492, 499, *writ denied sub nom. B&P Rest. Grp., LLC v. Delta Admin. Servs., LLC*, 19-01755 (La. 1/14/20), 291 So.3d 685, *quoting Bourgeois v. Allstate Ins. Co., et al.*, 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1180.

The 2013 Act of Donation, introduced into evidence at the hearing, contained language similar to that contained in the Judgment of Possession issued in Vincent's succession. The 2007 Judgment of Possession from Vincent's succession, also introduced into evidence at the hearing, provided that Bena, as the "surviving spouse of the deceased, Vincent Joseph Tozel, is hereby recognized as the surviving spouse in community and as the owner of her one-half interest in [the property]," and further that Calvin is "recognized as the sole heir of the deceased and, as such, is hereby placed in possession of, subject to a usufruct in favor of Bena Lanza Tozel[,] the other one-half interest in [the property]." The 2013 Act of Donation provided that Bena transferred "<u>ALL OF HER UNDIVIDED INTEREST</u>" (emphasis in the original) in the Severn Place property, "being the same property acquired by the Succession of Vincent Joseph Tozel."

Upon our *de novo* review, given the circumstances that Bena owned both her one-half undivided interest in the property, as well as a real right of usufruct against the other one-half undivided interest acquired from Calvin through Vincent's succession, we find that the 2013 Act of Donation is ambiguous and contains a doubtful provision that must be interpreted to determine the common intent of the parties.

In support of their motion for summary judgment, Bena and Christena introduced evidence to corroborate their claim that Bena never intended to donate her usufruct over the Severn Place property to Calvin. First, Bena and Christena claimed that the 2013 donation of her one-half interest in the Severn Place property was executed as a practical matter so that Calvin, Bena's son, could obtain a mortgage on the property through the Small Business Administration. In support of her motion, Bena introduced documentation to show that, months after the 2013 donation, Calvin executed a multiple indebtedness mortgage on the property through the Small Business Administration. Further, Bena and Christena introduced evidence to show that Bena never transferred physical possession of the property at issue and continued to reside in the Severn Place property after the 2013 Act of Donation. Bena and Christena contend that the evidence clearly demonstrates that Bena lacked donative intent as to her surviving spouse usufruct and that the parties' actions after the Act of Donation support this claim.

In response, Jody offered no contrary evidence as to the parties' intent in executing the 2013 Act of Donation. She did not offer any testimony or evidence of the parties' actions after the 2013 Act of Donation but before Calvin's death to show that Calvin (or Bena) intended that Bena's surviving spouse usufruct over the Severn Place property would be transferred to Calvin.

Upon our *de novo* review, we find that Bena and Christena put forth evidence to show that, although Bena intended to donate her one-half ownership interest in the Severn Place property to her only son, Calvin, to allow him to obtain financing on the property, the parties never intended to transfer Bena's surviving spouse usufruct. Plaintiffs' claim that Bena lacked donative intent to donate her right of usufruct over the property is supported by the fact that Bena never relinquished physical possession of the property and continued, after the 2013 Act of Donation, to reside in the Severn Place property—her home for more than 60

years. In opposition to the motion for summary judgment, Jody produced no affidavit or other competent summary judgment evidence to contradict plaintiffs' claims or create a genuine issue of material fact.

Upon our *de novo* review, we find that no genuine issue of material fact remains as to the parties' intent to transfer only Bena's one-half ownership interest to Calvin through the 2013 Act of Donation. Accordingly, we find summary judgment on this issue appropriate and we affirm the trial court judgment in that respect.

*Termination of Jody's Usufruct pursuant to La. C.C. art. 623*

The trial court judgment further ordered that Christena is permitted to terminate Jody's usufruct pursuant to La. C.C. art. 623 "since defendant [Jody] abused the usufruct she had over the house through Calvin's will," but failed to award any monetary damages for such violation. For the following reasons, we find that the trial court improperly rendered judgment on this claim and we vacate that portion of the judgment.

In their supplemental petition, Bena and Christena pled a separate cause of action to terminate Jody's usufruct under La. C.C. art. 623. That article provides that a naked owner may terminate a usufruct "if the usufructuary commits waste, alienates things without authority, neglects to make ordinary repairs, or abuses his enjoyment in any other manner." A naked owner cannot unilaterally terminate a usufruct. *Pidgeon v. Pidgeon*, 13-0435 (La. App. 1 Cir. 11/1/13), 136 So.3d 819. The termination of the enjoyment because of abuse does not take place as a matter of right; it must be declared by judicial decision. "The law merely accords to the naked owner a cause of action; the abuse must be established by evidence." *Abuse of the enjoyment*, 3 La. Civ. L. Treatise, Personal Servitudes § 6:14 (5th ed.)

Upon a thorough review of the record in this appeal, we find that the record does not contain any motion for summary judgment or other request for relief—

other than the initial cause of action pled under La. C.C. art. 623 in the supplemental petition—concerning Bena and Christena's cause of action under C.C. art. 623. It is unclear under which authority the trial court awarded such relief.

In briefs to this Court, Jody asserts that the termination of usufruct claim was granted in connection with plaintiffs' motion for summary judgment. To the extent that the trial judge granted summary judgment on this claim, he did so in error. La. C.C.P. art. 966(F) provides that "[a] summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." *See also Ziegler v. Safety Tubs LLC*, 20-22 (La. App. 5 Cir. 3/5/20) (unpub). A thorough review of Bena and Christena's original and supplemental memorandums in support of their motion for summary judgment reflect no discussion of article 623 to put Jody on notice that termination of her usufructuary rights would be heard and determined pursuant to La. C.C. art. 623 at the September 30, 2020 hearing.

Bena and Christena, in brief to this Court, contend that the granting of their claim under article 623 for termination of Jody's usufruct was rendered as a punishment in connection with the trial judge's finding of contempt for violation of the TRO prohibiting Jody from evicting Bena or renovating the Severn Place property. However, granting termination of a real right, i.e., a usufruct[4], as punishment for a contempt finding is also improper. The appropriate punishments for a finding of constructive contempt are set forth in La. R.S. 13:4611. Fines for contempt of court are collectable by the sheriff and payable to the court or designated officials, rather than opposing litigants. La. C.C.P. art. 330. The reasoning underlying this requirement is that contempt proceedings are "designed for vindication of the dignity of the court rather than for the benefit of

---

[4] A usufruct is a real right of limited duration on the property of another. La. C.C. art. 535.

a litigant." *Joseph v. Entergy,* 05–0263 (La. App. 4 Cir. 8/3/05), 918 So.2d 47, 52.

Upon review of the record, we find that the trial court improperly rendered judgment on Bena and Christena's cause of action to terminate Jody's usufruct pursuant to La. C.C. art. 623. Accordingly, we vacate that portion of the judgment permitting Christena to terminate Jody's testamentary usufruct. Consequently, because we find that the trial court improperly terminated Jody's usufruct, we amend that portion of the judgment granting injunctive relief, only insofar as it grants Bena the "exclusive use" of the Severn Place property.[5]

## Conclusion

Accordingly, for the reasons provided herein, we affirm that portion of the trial court judgment granting plaintiffs' motion for summary judgment and finding that the 2013 Act of Donation between Bena and Calvin did not transfer Bena's surviving spouse legal usufruct under La. C.C. art. 890. Further, we vacate that portion of the judgment permitting Christena as naked owner to terminate Jody's testamentary usufruct pursuant to La. C.C. art. 623. Moreover, we amend the trial court judgment to delete that portion of the judgment granting injunctive relief only insofar as it grants Bena "exclusive use" of the Severn Place property. Finally, we remand this matter for further proceedings to reinstate Bena's usufruct over the Severn Place property. Given Bena's age and the importance of shelter and housing for a 93-year-old individual, we remand this matter for further proceedings and instruct the trial court to docket this matter in an expeditious manner.

**JUDGMENT AFFIRMED IN PART;**
**VACATED IN PART; REMANDED**

---

[5] This case presents a unique circumstance wherein two individuals may share a usufruct over a single property. Multiple usufructuaries are permitted under the law. *See* La. C.C. art. 547.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 3, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

**21-CA-134**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE GLENN B. ANSARDI (DISTRICT JUDGE)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
JOSEPH R. MCMAHON, III (APPELLANT)          MICHAEL G. CALOGERO (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED