MAGNUS, Appellant, v. PERKINS

(March 28, 1927. Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Sales—Par. 243.

In an action to rescind the sale of a race horse for a redhibitory vice where two veterinarians for plaintiff testify the horse was afflicted with cysmoditis, a non-apparent, redhibitory vice, and two veterinarians for defendant testify to the contrary, the evidence of a fifth veterinarian, appointed by the court, in corroboration of defendant's witnesses, is conclusive.

2. Louisiana Digest—Sales—Par. 233.

Where a purchaser admits that he bought a race horse, knowing it to be suffering with ringbone and the horse afterwards becomes lame due to the ringbone, the purchaser can not avoid the sale in a redhibitory action.

Appeal from the Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by James Magnus against William Perkins.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Jos. A. Casey, of New Orleans, attorney for plaintiff, appellant.

E. A. Parsons, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. This is a suit to rescind the sale of a race horse known as "San Jacinto" because of an alleged redhibitory vice and for the return of the alleged purchase price of $1000.00.

There was judgment for defendant and plaintiff has appealed.

The law of the case is to be found in Art. 2520 and Art. 2521 R. C. C.:

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it had he known of the vice."

"Apparent defects, that is such as the buyer might have discovered by simple inspection are not among the number of redhibitory vices."

There is some doubt as to the price paid for "San Jacinto" due to the fact that $4010.00 was paid defendant for "Honor Man", another race horse, "San Jacinto" and a billy goat. The price of the goat is fixed at $10.00, but "San Jacinto's" price is uncertain, because $1000.00 was originally asked for him and $3500.00 for "Honor Man" and a lump sum offer of $4000.000 was finally accepted for both. Fortunately the view we take of the case makes the determination of "San Jacinto's" price unnecessary.

When plaintiff bought the horse he had ringbone, a defect which is quite apparent to anyone upon casual inspection, and admittedly observed by plaintiff. But plaintiff says the ringbone was not the cause of lameness, the form in which "San Jacinto's" deficiency was made manifest to her new owner, but that "cysmoditis and inflammation of the X Y Z ligaments," a defect, which was latent and not easily discovered by a lay purchaser, caused all the trouble.

Two veterinarians testified that cysmoditis caused the lameness and two that it was due to ringbone. In this situation the lower court appointed an expert of its own selection, Dr. Kyle, who testified in favor of the ringbone, thus giving defendant a clear majority of the experts. We must conclude that the majority of experts are right. Moreover, to the untutored mind, it would appear most reasonable that ringbone, which we understand to be a circular swelling of a joint, would seriously affect the activities of a race horse, and its presence serve as an obvious warning to any prospective purchaser.

The judgment appealed from is affirmed.