ROBERT A. CHAISSON, Judge.
|2Max and Bridget Bourgeois filed suit against their insurance agent, Bruce Cuc-cia, and his errors and omissions insurance carrier, American Automobile Insurance Company (“American Auto”), for damages resulting. from Mr. Cuccia’s negligent and/or fraudulent failure to procure UM insurance as allegedly requested by the Bourgeois.[1] The Bourgeois now appeal a judgment of the trial court granting the defendants’ motion for summary judgment and sustaining their exception of no right of action.
FACTS AND PROCEDURAL HISTORY
On October 25, 2005, Max Bourgeois obtained automobile liability insurance with Allstate Insurance ■ Company (“Allstate”) through Bruce Cuccia, an independent insurance agent. At that time, Mr. Bourgeois was given and signed an únder-insured/uninsured motorist (“UM”) coverage waiver by which he declined all UM Coverage. Max Bourgeois and Bridget Bourgeois married in January of 2007. In February of 2007, Mrs. Bourgeois went to Mr. Cuccia’s office to make changes to her husband’s policy, including adding her own vehicle to the policy. At that time, Mrs. Bourgeois did not meet with Mr. Cuccia, but 'she claims that she ^requested that Mr. Cuccia’s staff add the “maximum” UM coverage to their policy. Mrs. Bourgeois does not recall signing any documents during this meeting. A few days later, Mr. Bourgeois called Mr. Cuccia and confirmed the addition of his wife’s automobile to his policy and that changes had been made to her liking, although he does not specifically recall discussing any specific limit or type of coverage, including UM coverage, with Mr. Cuccia.
In July of 2007, the Bourgeois received a letter from Allstate indicating changes had been made to their policy, to wit: the addition of a new vehicle to the policy, a change in insurance coverage for the existing vehicle on the policy, the addition of one or more operators, and changes to the operators. The letter also included instructions to review the enclosed amended policy declarations page which detailed the coverage and limits carried for each vehicle and the costs of those coverages. The Bourgeois continually renewed their automobile policy on a bi-annual basis and admit to receiving a copy of the policy, which contained declarations pages detailing the coverage provided, every six months. Mrs. Bourgeois testified that she does not read- through -the declarations *1179 pages and has never read through the policy. Mr. Bourgeois testified that he reads through'the declarations pages to make sure that vehicle coverages are correct because the Bourgeois have changed vehicles several times in the last three or four years. Other than substituting new vehicles on the policy, the Bourgeois requested' no changes to the- policy coverage after February of 2007.
On March 28, 2012, Mr. and Mrs. Bourgeois and their two children were involved in a multi-vehicle automobile accident wherein they suffered personal injury and property damage. A few days after the accident, the Bourgeois approached Mr. Cuccia with regard to filing a claim under their Allstate policy, at which time they were informed that their policy did not include UM coverage. 14Records from Allstate indicate that there was no change in the liability coverage to the policy to include UM coverage since its inception on October 25, 2005, up to the date of the accident on March 28,2012.
On March 28, 2013, the Bourgeois filed a petition for damages against Mr. Cuccia and Allstate, alleging negligence for Mr. Cuccia’s purported failure to add UM accident coverage to their automobile policy as requested by them in February of 2007. Mr. Cuccia filed a motion for summary judgment in which he argued that the Bourgeois’ negligence cause of action was perempted pursuant to La. R.S. 9:5606, which subjects all causes of action based in tort of breach of contract against an insurance agent to' a one or three year peremp-tive period.[2] As to the claims of Mr. Bourgeois, the trial court granted Mr. Cuccia’s motion for' summary judgment and dismissed Mr. Cuccia from the lawsuit.[3] The Bourgeois subsequently Supplemented and amended their petition to include claims for insurance fraud against Mr. Cuccia, and added American Auto, Mr. Cuccia’s errors and omissions , insurance carrier, as a direct defendant in the case. On December 3, 2014, Mr. Cuccia and American Auto filed a motion for summary judgment and an exception of no right of action as to the remaining claims of the Bourgeois. Following a hearing on January 9, 2015, both the motion for summary judgment and the exception of no right of action were granted by the trial court, dismissing Rwith prejudice the .Bourgeois’, claims against Mr. Cuccia and American Auto. It is from this judgment Rhat. the Bourgeois appeal.[4]
*1180 On appeal, the Bourgeois make three arguments to this Court: first, that the trial court erred granting the motion for summary judgment because the claim for fraud involves factual considerations which must be determined by a trial on the merits; second, that the trial court erred when it held that fraud was not an exception to the one and three year peremptive periods set forth in La. R.S. 9:5606; and finally, that the trial court erred in granting the motion for summary judgment on their fraud claims because there exist genuine issues of material fact that preclude judgment in favor of Mr. Cuccia and American Auto as a matter of law.
LAW & ANALYSIS
In their second supplemental and amending petition, the Bourgeois allege that Mr. Cuccia committed fraud by failing to add the maximum amount of UM coverage to the Allstate liability policy, by failing to ensure that the maximum amount of UM coverage was added to the policy, and by failing to forward the request for additional UM coverage to Allstate.
On appeal, the Bourgeois first argue that the trial court erred in granting the motion for'summary judgment because the claim for fraud involves factual considerations which must be determined by a trial on the merits. Specifically, the Bourgeois argue that it is inappropriate to make credibility determinations or .to weigh- the evidence in resolving a motion for summary judgment, and that issues pertaining to subjective facts such as intent, knowledge, motive, malice, or good faith are usually not appropriate for summary judgment. We acknowledge thése well-established principles of summary judgment practice. However, none of the Leases cited by the Bourgeois stand for the proposition, and we find no jurisprudence that stands for the proposition, that summary judgment is precluded on a fraud claim. To the contrary, the Louisiana Supreme Court has recognized that although summary judgment is seldom appropriate for determinations based on subjective facts of motive, intent, good faith, knowledge, or malice, “summary judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent.” Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751.
The Bourgeois also cite a number of cases in which Louisiana Courts of Appeal have reversed the grant of summary judgment op a fraud claim. However, each of those cases, as do all summary judgments, were decided based upon the particular facts of the case, wherein the court determined that genuine issues of material fact remained on the fraud claims.. Those cases do not stand for the proposition that summary judgment is precluded on a fraud claim. We find no merit to the Bourgeois argument that their fraud claim must necessarily be resolved by a trial on the merits, rather than by summary judgment.
The Bourgeois next argue that the trial court erred when it held that fraud was not an exception to the one and three year peremptive periods set forth in La. R.S. 9:5606. We first note that there is nothing in the record that supports the Bourgeois’ contention that the trial court held that fraud is not an exception to the peremptive periods set forth in La. R.S. 9:5606. The trial, court did not provide written reasons for judgment. Furthermore, in their joint motion for designation of the trial court record for appeal, the parties failed to designate the transcript of the summary-judgment hearing. Therefore, we have no indication that the trial *1181 court made the legal conclusion, as alleged by the- Bourgeois, that fraud is not an exception to the peremptive periods. In the absence of any such indication, we 17presume that the trial court’s granting of the motion for summary judgment was based upon his determination that no genuine issues of material fact remain on the Bourgeois’ fraud. claims and that the defendants are entitled to judgment as a matter of law. ■ • Regardless, appellate courts review the grant or denial of. a summary judgment de novo.
Louisiana Revised Statute 9:5606(C) provides:
The peremptive period provided' in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
A plain reading of Subsection C of the statute clearly shows that fraud is an exception to the peremptive period set forth in Subsection A. Therefore, in addressing the Bourgeois’ final argument, and in conducting our de novo review of the trial court’s grant Of summary judgment, we recognize that fraud is an exception to the peremptive periods of La. R.S. 9:5606.
In their final argument, - the Bourgeois contend that the trial- court erred in granting the motion for summary judgment on their fraud claims because there exist genuine issues of material fact that preclude judgment in favor of Mr. Cuccia and-American Auto as a matter of law. In response, the defendants argue, that the Bourgeois will be unable to carry their burden- of proof on their fraud claims to show any intent to deceive on the part of Mr. Cuccia.[5]
Appellate' courts review the denial of a motion for summary judgment de novo. Smith, 639 So.2d at 751. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. |8art. 966(A)(2). A motion -which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966(C)(1). The burden of proof remains with the movant. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, tfie movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is , an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Id. Thereafter, if, the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his. evidentiary burden of proof at trial, there is no genuine issue of material fact. Id. ■
A “material fact”,is one which, the existence or nonexistence of, may be essential *1182 to a plaintiffs cause of action under the applicable theory of recovery. When a motion for summary judgment is made and supported, the adverse party may not rest on the allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967(B).
La. C.G. art. 1968 defines fraud as a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may result from silence or inaction. To sustain a cause of action for fraud, the Bourgeois must show by a preponderance of the evidence that they reasonably relied upon and were injured by a misrepresentation of a material fact made by Mr. Cuccia with the intent to deceive.
|aThe primary evidence relied upon by both the Bourgeois in their initial allegation of fraud and the defendants in their motion for summary judgment consists of the deposition testimonies of Mr. and Mrs. Bourgeois and Mr. Cuccia, and a copy of the July of 2007 cover letter from Allstate confirming a change of coverage in the automobile policy. The Bourgeois argue that through this letter, Mr. Cuccia created a material misrepresentation, which they reasonably relied upon that caused them injury. They claim that because the letter was titled “Confirming Your Policy Change,” they believed that the policy had been changed by the addition of the maximum UM coverage. In support of this argument, they point to deposition testimony of Mr. Cuccia in which he states that such a letter could have been sent in response to a change in UM coverage. Additionally, in opposition to the defendants’ motion for summary judgment, the Bourgeois offered sworn affidavits in which both Mr. and Mrs. Bourgeois allege fraud by Mr. Cuccia.
After a thorough review of the entire record before us, we find that the Bourgeois have failed'to produce factual support sufficient' to establish that théy will be able to satisfy their evidentiary burden of proof of fraud at trial. A plaintiff may not satisfy his burden under La. C.C.P., art. 967 by resting on mere allegations orifiling self-serving, conclusory affidavits which merely restate those allegations. Peralta v. Perazzo, 06-343 (La.App. 6 Cir. 10/31/06), 942 So.2d 64, 68; Sims-Gale v. Cox Communications New Orleans, 04-0952 (La.App. 4 Cir. 4/20/05), 905 So.2d 311. The July of 2007 letter from Allstate to the Bourgeois does not provide factual support for the Bourgeois’ claim that Mr. Cuccia misrepresented a material fact with the intent to deceive. The letter clearly states:
The ■ coverages and limits you carry for your vehicles, and the costs of those coverages, are listed in detail in the enclosed Amended Policy Declarations. By comparing this Amended Policy Declarations with the Policy Declarations previously mailed to you, you can see any changes in detail.
ItoAn examination of the policy declarations page enclosed with the letter, and any of the approximately nine subsequent policy declarations received by the Bourgeois between 2007 and 2012, show that the automobile policy did not include UM coverage. As the Supreme Court has held, “it is the client’s responsibility or duty, not the agent (sic), to determine the amount of coverage needed and advise the agent of those needs, and upon receiving the policy of insurance, the client has a duty to review the policy to make certain his needs are met.” Isidore Newman Sch. v. J. Everett Eaves, Inc., 09-2161 (La.7/6/10), 42 So.3d 352, 358 (emphasis added). Both *1183 Mr. and Mrs. Bourgeois acknowledge receipt of multiple copies of the policy declarations via mail in the years following the change in policy coverage in 2007. Those policy declaration pages do not show that the Bourgeois’ automobile policy included any UM coverage at any time since the policy’s inception in October of 2005, up until the time of -the automobile accident on March 28, 2012. The Bourgeois’ failure to review them policy does not constitute a material misrepresentation by Mr. Cuccia. We find that the Bourgeois have failed to produce any factual support for their contention that there was a material misrepresentation by Mr. Cuccia with the intent to deceive. We therefore conclude that the Bourgeois will be unable to satisfy their evidentiary burden of proof at trial on an essential element of their fraud claim, and that the defendants are entitled to summary judgment as a matter of law.
CONCLUSION
Upon our de novo review, and for the reasons stated above, we affirm the rulings of the trial court granting Mr. Cuccia’s and American Auto’s motion ' for summary judgment and exception of no fight action.

AFFIRMED

. The Bourgeois also named Allstate Insurance Company, their alleged UM insurance carrier, as an additional defendant in this matter. On June 10, 2015, the Bourgeois dismissed all of their claims against Allstate, with prejudice, and therefore Allstate is not a party to this appeal.

.Louisiana Revised, Statute 9:5606 provides, in pertinent part:
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or. otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. ' [1]

. For reasons not relevant to this appeal, the trial court found Mr. Cuccia's Motion for Summary Judgment as to the claims of Mrs. Bourgeois to be moot, and' therefore Mr. Cuc-cia remained, a defendant in the lawsuit as to those claims.

. We note that the exception of no right of action filed by American Auto is contingent upon the disposition of the motion for summary judgment on the fraud claims filed against Mr.‘Cuccia. The Bourgeois have not raised any assignments of error with regard to the sustaining of the exception of no right of action by the trial court.

. In brief, the defendants refer to the pleading requirements of La. C.C.P. art. 856 for claims of fraud, and , assert, without citation to the record, that "the Trial Court recognized, Plaintiffs have failed to allege with particularity how Cuccia 'misrepresented a material fact’ with an ‘intent to deceive' them.” We find no support for this assertion in the record before us. Nor do we find any pleading in the record before us that the defendants excepted in any way to the sufficiency of the pleadings regarding fraud, or any ruling of the trial court in that regard; therefore, we do not consider any argument regarding the sufficiency of the Bourgeois’ pleadings regarding fraud as being properly before us on appeal.