GERALD P. SNYDER, ET AL.

VERSUS

DONAVAN D. BOURGEOIS, ET AL.

NO. 22-CA-598

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ST. JAMES, STATE OF LOUISIANA
NO. 40,295, DIVISION "D"
HONORABLE STEVEN C. TUREAU, JUDGE PRESIDING

October 04, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
John J. Molaison, Jr., and Scott U. Schlegel

<u>**AFFIRMED**</u>
   **SMC**
   **JJM**
   **SUS**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
GERALD P. SNYDER, GAVIN P. SNYDER AND TOMMY A GUIDRY, JR.,
ALL AS PROPER REPRESENTATIVES OF THE DECEDENT KAREN G.
SNYDER
    Robert J. Snyder, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
BRAD PARRINO TRUCKING, LLC
    Michael J. Remondet, Jr.
    Michael R. Guidry

**CHEHARDY, C.J.**

Plaintiffs-appellants, Gerald P. Snyder, Gavin P. Snyder, and Tommy A. Guidry, Jr., seek review of the trial court's July 28, 2022 judgment granting a motion for summary judgment filed by defendant-appellee, Brad Parrino Trucking, LLC. For the reasons that follow, we affirm the trial court's judgment.

*Background and Procedural History*

On May 23, 2020, Karen Snyder and her husband Gerald Snyder visited property in Paulina in St. James Parish that belonged to Donavan and Sara Bourgeois. According to the petition, the Snyders had the Bourgeois' permission to be on the property. Around that time, Brad Parrino Trucking, LLC ("Parrino"), had been excavating a pond for dirt to be used in the construction of the Bourgeois' home. The pond was approximately 200 feet long, 50 feet across, and 15 feet deep. When Gerald Snyder entered the pond to move some of the hoses connected to a pump, Karen followed him and allegedly fell into the pond, tragically sustaining injuries to her vertebrae and head that resulted in her death on May 28, 2020.

On February 22, 2021, plaintiffs-appellants filed a wrongful death and survival action arising out of Karen's death. The Bourgeois defendants and Parrino both filed motions for summary judgment, which the trial court denied in order to permit plaintiffs to conduct discovery. After discovery, the Bourgeois defendants filed a second motion for summary judgment seeking dismissal of plaintiffs' claims. The trial court denied summary judgment, but this Court granted the Bourgeois' writ application, reversed the trial court's judgment, and granted summary judgment in the Bourgeois' favor, finding that the pond was an open and obvious condition that did not create an unreasonable risk of harm. As such, Mr. and Mrs. Bourgeois could not be held liable for the decedent's death as a matter of law. *Snyder v. Bourgeois*, 21-608 (La. App. 5 Cir. 1/24/22), 2022 WL 202811

(unpublished writ disposition). Plaintiffs did not submit a writ application to the Louisiana Supreme Court seeking supervisory review of that ruling.

Parrino subsequently filed a second motion for summary judgment arguing that because this Court already determined that the pond constituted an open and obvious condition, and because the law-of-the-case doctrine provides that a court will not reconsider its own ruling of law in the same case, Parrino also cannot be held liable as a matter of law. Parrino attached the affidavits of Brad Parrino and Donavan Bourgeois to his motion.[1]

In opposition, plaintiffs argued that genuine issues of material fact exist as to whether Parrino had authority to grant third persons access to the property and whether Parrino had any right of control over the construction, design, or location of the pond. Plaintiffs also contended that the affidavits attached to Parrino's motion are procedurally defective, and that Parrino erred in failing to attach a list of essential legal elements to his motion for summary judgment.[2]

Furthermore, plaintiffs took issue with this Court's application of the risk-utility balancing test, which resulted in a grant of summary judgment in favor of the Bourgeois defendants. First, plaintiffs stated that this Court did not consider the fact that digging the hole for the pond was unlawful under St. James Parish Ordinance 82-25, which requires a building permit from the Planning Commission. According to plaintiffs, because defendants did not obtain a building permit, there was no "utility" in digging the hole under the first prong of the risk-utility balancing test.[3] Plaintiffs argue that if this Court had known that the defendants

---

[1] Mr. Parrino's affidavit states that the property where the accident occurred is owned solely by Donovan and Sara Bourgeois; Brad Parrino Trucking, LLC, did not have authority to grant third persons access to that property; and Brad Parrino Trucking, LLC, did not have any right or control over the construction, design, or location of the pond on the property. Mr. Bourgeois' affidavit stated that he is a co-owner of the property in question; that he hired Parrino to construct a pond on his premises, which construction commenced in March 2020; that on May 23, 2020, the construction of the pond was approximately 50% complete, and the pond was approximately 200 feet long, 50 feet wide, and 12 to 15 feet deep.
[2] Parrino instead included a list of "Essential Legal Arguments [sic]" in his motion for summary judgment.
[3] On the other hand, Mr. Bourgeois testified in his deposition that he went to the parish before constructing the pond to ask about a permit and was told that "a permit was not required because I was

began digging the pond without the necessary permit, the Court would not have determined that the pond served a useful purpose for the homeowner in constructing a home, or that the pond was an open and obvious condition.

Additionally, plaintiffs point out that this Court indicated that no evidence had been offered to show the cost of roping off the area or otherwise warning of the potential hazard. Plaintiffs now contend that it would have cost less than $400 to rope off the area and to provide a warning of the potential dangers. In support, plaintiffs offered the affidavit of Mr. Gerald Snyder, who states that he researched at Home Depot the prices of rope, steel posts, and signs that could have been used to warn someone of the dangerous area. No additional evidence is offered in support of the information relayed in Mr. Snyder's affidavit, however.

After a hearing, the trial court granted Parrino's motion for summary judgment and dismissed plaintiffs' claims. Plaintiffs now seek review of that ruling.

*Analysis*

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. The burden is on the adverse party to produce factual

---

further past the boundary for how close you are to the levee, and I did not need a permit. So I did check before. They told me I didn't need one, so we proceeded."

support sufficient to establish the existence of a genuine issue of material fact or to show that the mover is not entitled to judgment as a matter of law. *Id.*; *see also Robinson v. Otis Condominium Assoc., Inc.*, 20-359 (La. App. 5 Cir. 2/3/21), 315 So.3d 356, 360-61, *writ denied*, 21-0343 (La. 4/27/21), 314 So.3d 837.

We review the grant or denial of a motion for summary judgment *de novo. Bourgeois v. Allstate Ins. Co.*, 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1181. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3); *Richthofen v. Medina*, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, *writ denied*, 14-2514 (La. 3/13/15), 161 So.3d 639.

On appeal, plaintiffs-appellants assert that Parrino was negligent in failing to maintain the premises in a reasonably safe condition, failing to place signs properly to warn users of a dangerous area, allowing and creating a hazardous and dangerous condition, failing to inspect the premises, and failing to exercise due care. In essence, these allegations state claims under La. Civ. Code arts. 2315, 2316, 2317, and 2317.1.[4]

La. Civ. Code art. 2317.1, which governs negligence claims against a property owner or custodian, provides, in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

---

[4] La. Civ. Code art. 2315(A) states: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2316 states: "Every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." La. Civ. Code art. 2317 states: "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by … the things which we have in our custody."

"Whether a claim arises in negligence under La. Civ. Code art. 2315 or in premises liability under La. Civ. Code art. 2317.1, the traditional duty/risk analysis is the same." *Farrell v. Circle K Stores, Inc.*, 22-0849 (La. 3/17/23), 359 So.3d 467, 473.

As noted above, this Court previously determined that plaintiffs-appellants had failed to present evidence to prove that the pond constituted an unreasonably dangerous condition. *See Snyder v. Bourgeois*, 2022 WL 202811, at *2. This Court addressed the elements of the risk-utility balancing test and found that the pond was useful to the landowners in the construction of their home on private property; that the decedent's actions of entering the area, near the large body of water, was dangerous by nature; and that no evidence had been presented regarding the cost of roping off the area or the social utility of the decedent's presence at the site. *Id*. This Court further stated that a landowner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or that was as obvious to a visitor as it was to the landowner. 2022 WL 202811, at *3. *See also Williams v. Leonard Chabert Med. Ctr.*, 98-1029 (La. App. 1 Cir. 9/26/99), 744 So.2d 206, 211, *writ denied*, 00-0011 (La. 2/18/00), 754 So.2d 974. This Court stated:

> In this case, the construction pond was two hundred feet long and fifty feet wide. The affidavit of the respondent, Gerald Snyder, establishes that he and the decedent were aware of the pond, with the enclosed pump, and approached it. … As we found in [*Fluence v. Marshall Bros. v. Lincoln-Mercury Inc.*, 10-482 (La. App. 5 Cir. 11/23/10), 54 So.3d 711, 712-13, an] "open and obvious hazard" case, a defendant violates no duty to the plaintiff if the danger should have been observed by an individual in the exercise of reasonable care and the plaintiff was aware of the condition. *Id*.

*Snyder*, 2021 WL 202811, at *3.

Since that disposition, the Louisiana Supreme Court issued its decision in *Farrell*, *supra*, which provides additional guidance to courts evaluating whether an

alleged defect presents an unreasonable risk of harm or constitutes an open and obvious condition. In *Farrell*, the Louisiana Supreme Court reversed the trial court's ruling denying the defendant's motion for summary judgment in a premises liability suit filed after the plaintiff slipped and fell while trying to traverse a large puddle of water at the edge of a gas station parking lot.

The *Farrell* Court cleared up the admitted confusion in the jurisprudence surrounding the application of the duty/risk analysis when assessing an allegedly unreasonably dangerous condition in general negligence or premises liability claims. The Court first reaffirmed the well-settled rule that under the duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and (5) proof of actual damages (the damages element). *Id*. at 473 (citing *Malta v. Herbert S. Hiller Corp.*, 21-209 (La. 10/10/21), 333 So.3d 384, 395). If the plaintiff fails to prove any one element by a preponderance of the evidence, the defendant is not liable. *Mathieu v. Imperial Toy Corp.*, 94-952 (La. 11/30/94), 646 So.2d 318, 326.

The *Farrell* Court then explained that Louisiana's jurists have exhibited a tendency to conflate the duty and the breach elements when evaluating an allegedly unreasonably dangerous condition. The duty element, which is a question of law, examines whether there is any legal support for plaintiff's claim that defendant owed him a duty. La. Civ. Code arts. 2315, 2316, 2317, and 2317.1 require the custodian of immovable property to discover any unreasonably

dangerous condition on his premises and either correct the condition or warn potential victims of its existence. *Farrell*, 359 So.3d at 473-74.

Whether there is a *breach* of that duty is a mixed question of fact and law, which we assess through application of the risk/utility balancing test by evaluating: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Id*. (citing *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14), 171 So.3d 851, 856).

In opposing the motion for summary judgment, the plaintiffs in *Farrell* argued that a pool of water is not itself a dangerous condition, but that algae, mold, and slime within the puddle constituted hidden dangers, and a reasonable person who did not know how long the puddle had been there would not presume that the puddle contained a layer of algae. Applying the duty/risk analysis, the Supreme Court held that the defendant owed a duty to the plaintiffs to maintain the premises in a reasonably safe condition. *Farrell*, 359 So.3d at 474. The next question was whether the defendant breached that duty, or whether the complained-of condition, analyzed according to the risk/utility balancing test, constituted an unreasonably dangerous condition or presented an unreasonable risk of harm. *Id. See also Broussard v. State ex rel. Office of State Bldgs.*, 12-1238 (La. 4/5/13), 113 So.3d 175, 184 (finding that "the analytic framework for evaluating an unreasonable risk of harm is properly classified as a determination of whether a defendant breached a duty owed, rather than a determination of whether a duty is owed *ab initio*").

The second prong of the risk/utility balancing test addresses the likelihood and magnitude of the harm, including whether a condition is open and obvious:

> The open and obvious concept asks whether the complained of condition would be apparent to any reasonable person who might encounter it. If so, that

> reasonable person would avoid it, and the factor will weigh in favor of finding the condition not unreasonably dangerous. Whether the plaintiff has knowledge of the condition is irrelevant in determining whether the thing is defective. Otherwise, the analysis resurrects the long ago abolished doctrines of assumption of the risk and contributory negligence, both of which focus on the knowledge and acts of the plaintiff.

*Farrell*, 359 So.3d at 478. After finding that the third and fourth factors in the risk/utility analysis bore little weight under those facts, the Court in *Farrell* held that "the allegedly hazardous condition, be it the pool of water at the edge of the parking lot or the slippery substance contained within the water, was not an unreasonably dangerous condition." *Id.* at 479. Accordingly, the Court found that defendants had met their initial burden of pointing out the absence of factual support for the breach element—the second prong of the duty/risk analysis. The burden then shifted to the plaintiffs to produce factual support sufficient to establish the existence of a genuine issue of material fact with regard to the breach of the duty owed, or to show that defendants were not entitled to judgment as a matter of law. *Id.* at 480.

Here, plaintiffs-appellants argue on appeal that there was a "hidden danger" in the form of a quicksand-like substance under the "murky water" of the pond, that there were no warning signs or barriers in place, and that the pond was being dug without a permit. After our *de novo* review of the record, and in light of the Supreme Court's recent elucidation in *Farrell* of the law regarding the duty/risk analysis, the risk/utility balancing test, and open and obvious conditions, decided after this Court's previous disposition in the present case, we find no error in this Court's previous determination that the pond failed to present an unreasonable risk of harm. We simply update the analysis performed in our previous disposition to note that on the record before us, pursuant to *Farrell*, Parrino arguably owed a *duty* to plaintiffs to warn of any unreasonably dangerous condition, but that Parrino did

not *breach* that duty, as the pond in question was open an obvious and did not constitute an unreasonably dangerous condition.

Under the risk/utility balancing test, the utility of digging the pond was established because the excavated dirt was being used to support the foundation of a house to be built on the property. We need not address plaintiffs' argument concerning the defendants' failure to obtain a permit to dig the pond, because the record is devoid of any evidence to prove that Perrino was, in fact, required to obtain such a permit. Plaintiffs attached a copy of St. James Parish Ordinance 82-25, but they did not include any additional information to substantiate their allegation that the Bourgeois property is governed by the language of that Ordinance or to indicate that the responsibility of obtaining such a permit would fall to Perrino.

Further, proof that an ordinance has been violated to establish liability is premised on a negligence *per se* theory, which has been rejected in Louisiana jurisprudence. *See*, *e.g.*, *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 292-93 (La. 1993) (holding that the "violation of a statute or regulation does not automatically, in and of itself, impose civil liability. Civil responsibility is imposed only if the act in violation of the statute is the legal cause of damage to another."); *Bellsouth Telecomm., Inc. v. Eustis Eng'g Co.*, 08-0865 (La. App. 4 Cir. 12/19/07), 974 So.2d 749, 752 (holding that "a statutory violation must be determined as a legal cause of the accident" and "the finding of a violation of a statute is only the beginning of a duty-risk analysis."). In short, even if plaintiffs had introduced sufficient evidentiary proof that a permit to dig the pond was required here, plaintiffs have not proved how the lack of a permit caused Mrs. Snyder's injuries, nor why the lack of a permit eliminates the utility of the pond under the first component of the risk-utility balancing test.

Second, as previously determined, the pond—50 feet by 200 feet—was open and obvious to all who encountered it. Third, the statements in Mr. Snyder's affidavit regarding the cost of materials needed to rope off the area, even if those statements had been supported by admissible summary judgment evidence, fail to tip the balance against Parrino in determining whether Parrino breached a duty it owed to the decedent. Finally, there is no evidence before us to substantiate the social utility of the decedent's activity.

In sum, nothing in either Parrino's motion for summary judgment or in plaintiffs' opposition suggests that this Court's previous determination—that the construction pond presented an open and obvious condition that did not constitute a reasonable risk of harm—was rendered in error. Parrino has shown that plaintiffs are unable to meet their burden of proof at trial, which plaintiffs have failed to refute. Accordingly, Parrino is entitled to summary judgment as a matter of law. La. C.C.P. art. 966 D(1).

## CONCLUSION

For the foregoing reasons, the trial court's ruling granting the motion for summary judgment filed by Brad Parrino Trucking, LLC, and dismissing with prejudice plaintiffs' claims against Brad Parrino Trucking, LLC, is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **OCTOBER 4, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-598

**E-NOTIFIED**
23RD JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEVEN C. TUREAU (DISTRICT JUDGE)
DEAN T. DEFRANCESCH (APPELLANT)       JAMES A. HARRY (APPELLANT)       ROBERT J. SNYDER, JR. (APPELLANT)
TOMY J. ACOSTA (APPELLANT)            MICHAEL J. REMONDET, JR. (APPELLEE)

**MAILED**
MICHAEL R. GUIDRY (APPELLEE)
ATTORNEY AT LAW
200 WEST CONGRESS ST.
SUITE 1100
LAFAYETTE, LA 70509