BAJES BARAKAT AND NADEH ABDELHAY
(INDIVIDUALLY AND ON BEHALF OF THEIR
MINOR SON, NAEL BARAKAT)

VERSUS

TIMBERLAND INVESTMENTS, LLC,
SCOTTSDALE INSURANCE COMPANY,
AND XYZ MANAGEMENT COMPANY

NO. 23-CA-122

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-101, DIVISION "D"
HONORABLE SCOTT U. SCHLEGEL, JUDGE PRESIDING

November 29, 2023

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and John J. Molaison, Jr.

**AFFIRMED**
    **SMC**
    **MEJ**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
BAJES BARAKAT AND NADEH ABDELHAY (INDIVIDUALLY AND ON
BEHALF OF THEIR MINOR SON, NAEL BARAKAT)
    Joseph B. Landry, Sr.
    Joseph B. Landry, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
TIMBERLAND INVESTMENTS, LLC AND SCOTTSDALE INSURANCE
COMPANY
    Michael S. Futrell

**CHEHARDY, C.J.**

Plaintiffs-appellants, Nadeh Abdelhay and Bajes Barakat, individually and on behalf of their minor son, Nael Barakat, appeal the trial court's judgment granting summary judgment in favor of Timberland Investments, LLC, and its insurer, Scottsdale Insurance Company. For the reasons that follow, we affirm the trial court's judgment.

FACTS AND PROCEDURAL HISTORY

On February 1, 2019, plaintiffs-appellants began living in the apartment they leased from defendant Timberland. On January 24, 2020, a little after 7 p.m., two-year-old Nael was playing in the parking lot at Timberland Apartments when he ran under a gate into traffic on Lapalco Boulevard to chase an errant ball. Nael was the victim of a hit-and-run accident and sustained injuries requiring hospitalization, physical therapy, and a future surgery.

Nael's mother, Ms. Abdelhay, was chatting with a friend nearby when she realized that her son was going under the access gate. Plaintiffs contend that resident children often played in the area almost daily. Plaintiffs considered the area a safe place for children to play. The gate existed to provide access for the fire department, if necessary, but otherwise it remained closed and locked at all times. The property manager for defendant testified that maintenance personnel inspected the fencing at the apartment complex every day.

Plaintiffs filed suit against Timberland and Scottsdale. After discovery, defendants filed a motion for summary judgment, arguing that the fence did not present an unreasonably dangerous condition, nor did Timberland violate a duty owed to plaintiffs under La. C.C. arts. 2315 or 2317.1. Timberland acknowledges that the owner or custodian of property has a duty to keep the premises in a reasonably safe condition, and that the owner or custodian must discover any unreasonably dangerous condition on the premises and either correct the condition

or warn potential victims of its existence. *Farrell v. Circle K Stores, Inc.*, 22-0849 (La. 3/17/23), 359 So.3d 467, 473. Timberland maintains that as landlord, it met its duty to maintain the premises. Timberland further argues that it had no duty to monitor or supervise plaintiffs' toddler who was playing in the parking lot at night. Additionally, Timberland argues that there was no defect, as the access gate did not present a condition or imperfection that posed an unreasonable risk of injury to persons exercising ordinary care and prudence, citing *Gauthier v. Foster Homes, LLC*, 53,143 (La. App. 2 Cir. 11/20/19), 284 So.3d 1206, 1211.

Defendants further point out that the lease mandated that children were to be "supervised at all times," that driveways and fire lanes were not to be blocked, and that children were prohibited from playing in the parking lot and common areas.

In opposition, plaintiffs argued that genuine issues of material fact exist regarding (i) whether the opening beneath the gate presented an unreasonably dangerous condition or an unreasonable risk of harm; (ii) whether Timberland acted unreasonably in failing to remediate or warn its residents of the opening beneath the gate; and (iii) whether the opening beneath the gate presented a risk of harm that should be obvious to all reasonable persons who encounter it. Plaintiffs argue that defendants owed a duty to plaintiffs, and that the large opening beneath the gate was unreasonably dangerous and presented an unreasonable risk of harm to plaintiffs' son. Plaintiffs claim that the potential harm from the opening beneath the gate was not obvious to all reasonable persons who may encounter it on the enclosed, fenced, premises. They argue that Timberland's substandard conduct was the cause-in-fact of the toddler's injuries, and the risk of sustaining those injuries fell squarely within the duty that defendants owed plaintiffs.

The trial court granted defendants' motion for summary judgment and dismissed plaintiffs' claims. Plaintiffs now seek review of that ruling.

DISCUSSION

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id.* The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id.*; *see also Robinson v. Otis Condominium Assoc., Inc.*, 20-359 (La. App. 5 Cir. 2/3/21), 315 So.3d 356, 360-61, *writ denied*, 21-0343 (La. 4/27/21), 314 So.3d 837.

We review the grant or denial of a motion for summary judgment *de novo. Bourgeois v. Allstate Ins. Co.*, 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1181. Under this standard, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3); *Richthofen v. Medina*, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, *writ denied*, 14-2514 (La. 3/13/15), 161 So.3d 639.

On appeal, plaintiffs-appellants assert that Timberland was negligent in failing to maintain the premises in a reasonably safe condition and failing to exercise due care. In essence, these allegations state claims under La. Civ. Code arts. 2315 and 2317.1. La. Civ. Code art. 2315(A) provides: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to

repair it." La. Civ. Code art. 2317.1, which governs negligence claims against a property owner or custodian, provides, in pertinent part:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

"Whether a claim arises in negligence under La. Civ. Code art. 2315 or in premises liability under La. Civ. Code art. 2317.1, the traditional duty/risk analysis is the same." *Farrell v. Circle K Stores, Inc.*, 22-0849 (La. 3/17/23), 359 So.3d 467, 473.

In *Farrell*, the Louisiana Supreme Court reversed the trial court's ruling denying the defendant's motion for summary judgment in a premises liability suit filed after the plaintiff slipped and fell while trying to traverse a large puddle of water at the edge of a gas station parking lot.

The *Farrell* Court reaffirmed the well-settled rule that under the duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and (5) proof of actual damages (the damages element). *Id.* at 473 (citing *Malta v. Herbert S. Hiller Corp.*, 21-209 (La. 10/10/21), 333 So.3d 384, 395). If the plaintiffs fail to prove any one element by a preponderance of the evidence, the defendant is not liable. *Mathieu v. Imperial Toy Corp.*, 94-952 (La. 11/30/94), 646 So.2d 318, 326.

The duty element, which is a question of law, examines whether there is any legal support for plaintiff's claim that defendant owed him a duty. La. Civ. Code

arts. 2315 and 2317.1 require the custodian of immovable property to discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. *Farrell*, 359 So.3d at 473-74.

Whether there is a breach of that duty is a mixed question of fact and law, which we assess through application of the risk/utility balancing test by evaluating: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and, (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Id*. (citing *Bufkin v. Felipe's Louisiana, LLC*, 14-0288 (La. 10/15/14), 171 So.3d 851, 856).

The second prong of the risk/utility balancing test addresses the likelihood and magnitude of the harm, including whether a condition is open and obvious:

> The open and obvious concept asks whether the complained of condition would be apparent to any reasonable person who might encounter it. If so, that reasonable person would avoid it, and the factor will weigh in favor of finding the condition not unreasonably dangerous. Whether the plaintiff has knowledge of the condition is irrelevant in determining whether the thing is defective. Otherwise, the analysis resurrects the long ago abolished doctrines of assumption of the risk and contributory negligence, both of which focus on the knowledge and acts of the plaintiff.

*Farrell*, 359 So.3d at 478.

Here, citing *Farrell*, plaintiffs-appellants argue on appeal that the owner or custodian of property "must discover any unreasonably dangerous condition on the premises, and either correct the condition or warn potential victims of its existence." As such, plaintiffs contend that Timberland had a duty "to discover the excessively large opening beneath the gate on its premises, in an area where children often played, and to either correct or warn potential victims that this specific condition existed."

We disagree. While we readily acknowledge that Timberland, as the owner of the property, owes a general duty to the residents to keep the premises in a reasonably safe condition pursuant to La. C.C. arts. 2315 and 2317.1, our thorough review of the record has found no evidence to indicate that the gate at issue was defective or presented an unreasonably dangerous condition. Defendant's property manager testified that the gate remains locked at all times and that it serves a specific purpose – to provide access to the fire department for emergencies.[1] The property manager also testified that the fencing surrounding the complex, which includes the gate, was inspected regularly by maintenance personnel. The record contains no evidence of the size of the gap between the bottom of the gate and the street, but pictures in the record do not in any way suggest that the gate fails to serve the purpose for which it was intended or that it otherwise is defective or dangerous.

In *Farrell*, there was essentially no dispute that the puddle of water in which the plaintiff slipped and fell, and which remained in the parking lot of the Circle K for many days, constituted a "defect" on the premises. Unlike *Farrell*, we see no such defect at issue here. Thus, in contrast to the Supreme Court's initial determination that defendant owed a duty to the plaintiff in *Farrell*, we find that Timberland owed no duty to prevent a toddler from going under the gate into the street.

---

[1] During her deposition, Timberland's property manager stated:

> Q:  Are you aware of any discussion to lower the gate or the fence before the accident?
> A:  No. Besides that gate was not built to keep the kids off of the property. That gate is an access to the fire department for emergencies to the apartment complex.
> Q:  Okay.
> A:  It's not built or designed to protect the kids.
> Q:  Had it ever crossed your mind that a kid could fit under that gate?
> A:  No. The kids on the property need to be supervised with their parents 24/7, and they cannot play in the parking lots, according to our rules and regulations.

Even if for the sake of argument Timberland owed a duty to plaintiffs to prevent the child from exiting the premises and running into the street, however, under the risk/utility balancing test that comprises the second element of the duty-risk analysis—to determine whether that duty was *breached*—we find the alleged defect was open and obvious and did not constitute an unreasonable risk of harm. *See Farrell*, *supra*.

Applying the risk/utility balancing test, the utility of the access gate appears to serve its stated purpose under the first prong. Under the second prong, the fact that the gate presented a means by which a toddler could leave the parking area and enter the street constituted an open and obvious condition. Plaintiffs' brief refers to the gap as an "excessively large opening beneath the gate," and Ms. Abdelhay's deposition testimony states that she, too, was able to go under the gate to tend to her child who had just been hit by a car. Under the third prong, the record contains no evidence to indicate the cost of materials needed to either modify or "repair" the gate, if such modification were even necessary, or the cost of warning of the alleged "defect." Finally, under the fourth prong, no evidence before us substantiates the social utility of permitting a two-year-old child to play in a parking lot in the dark without close parental supervision and in violation of the apartment complex's written rules.

In sum, notwithstanding Timberland's general duty to maintain the premises free of defects, we find Timberland owed no duty to these plaintiffs to prevent the specific harm that occurred here, because the evidence fails to establish that a "defect" even existed. Even if Timberland owed a duty to plaintiffs under these facts, however, the allegedly defective condition – the gap between the bottom of the gate and the street – constitutes an open and obvious condition that does not present an unreasonable risk of harm.

Defendants have shown that plaintiffs are unable to meet their burden of proof at trial, and plaintiffs have failed to prove that a defect that created an unreasonable risk of harm existed. Accordingly, Timberland and Scottsdale are entitled to summary judgment as a matter of law. La. C.C.P. art. 966 D(1).

## CONCLUSION

For the foregoing reasons, the trial court's ruling granting the motion for summary judgment filed by Timberland Investments, LLC and Scottsdale Insurance Company is affirmed.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-122

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. SCOTT U. SCHLEGEL (DISTRICT JUDGE)
HON. JOSEPH A. MARINO, III (DISTRICT JUDGE)
JOSEPH B. LANDRY, JR. (APPELLANT)          MICHAEL S. FUTRELL (APPELLEE)

### MAILED

JOSEPH B. LANDRY, SR. (APPELLANT)
ATTORNEY AT LAW
3015 19TH STREET
METAIRIE, LA 70002